UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK BRETT, | : **CIVIL NO. 1:12-CV-00713** |
| Plaintiff | : (Judge Conner) |
| v. | : (Magistrate Judge Smyser) |
| DON TRAUBE, *et al.*, | : |
| Defendants | : |

**REPORT AND RECOMMENDATION**

Because the court does not have subject-matter jurisdiction, we recommend that this case be dismissed.

On April 16, 2012, the plaintiff commenced this action by filing a complaint, an application to proceed *in forma pauperis*, and a motion to file documents under seal.  By a separate order, we have granted the plaintiff's application for leave to proceed *in forma pauperis*, and we have denied his motion to file documents under seal.

The complaint is rambling, and it contains bizarre allegations.[1]  The plaintiff alleges that he has been slandered.

---

[1] Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."  But the court "need not inquire *sua sponte* into a

Apart from that, much of the complaint appears to be a recounting of people the plaintiff has seen.  At points, the complaint devolves into lists apparently primarily of the license numbers of vehicles that the plaintiff has seen.

The plaintiff has not alleged facts from which it can reasonably be inferred that the court has subject-matter jurisdiction.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541 (1986).  "Subject-matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler,* 132 S.Ct. 641, 648 (2012).  The court has an obligation to satisfy itself that it has subject-matter jurisdiction and the court may raise the issue *sua sponte*. *Nesbit v. Gears Unlimited,*

---

pro se plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Powell v. Symons,* __F.3d __, 2012 WL 1066740 at *4 (3d Cir. Mar. 30, 2012)(citing *Ferrelli v. River Manor Health Care Center,* 323 F.3d 196, 201 (2d Cir. 2003)).

*Inc.,* 347 F.3d 72, 77-78 (3d Cir. 2003). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Fed.R.Civ.P. 12(h)(3).*

The court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Constitutional claims are claims brought pursuant to 42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* Section 1983 requires "'both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d

314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

The plaintiff has not alleged that the defendants were acting under color of state law. Nor has the plaintiff alleged facts from which it can reasonably be inferred that the defendants were acting under color of state law. Also, although the plaintiff alleges that he has been slandered, slander without more is not a violation of a constitutional right. Accordingly, the court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.

The court has jurisdiction over civil rights claims pursuant to 28 U.S.C. § 1343. 28 U.S.C. § 1343(a)(1) provides that district courts have jurisdiction over any civil action authorized by law to be commenced by any person "[t]o recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42." 28 U.S.C. § 1343(a)(2) provides that district courts have jurisdiction over any civil action authorized by law to be commenced by any person "[t]o

recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent." The plaintiff has not alleged any facts which reasonably support a 42 U.S.C. § 1985 claim. Accordingly, the court does not have jurisdiction pursuant to 28 U.S.C. § 1343.

The court has diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332. Section 1332 requires complete diversity. *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996). There is complete diversity only when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Id.* The plaintiff has not alleged facts from which it can reasonably be inferred that there is complete diversity or that the amount in controversy exceeds $75,000. Accordingly, the court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332.

This case also does not fall within any of the other categories of the court's subject-matter jurisdiction. *See* 28 U.S.C. §§ 1330 & 1333-1369.

Because this court does not have subject-matter jurisdiction, it is recommended that the case be dismissed and that the case file be closed.

                                              **/s/ *J. Andrew Smyser***
                                              J. Andrew Smyser
                                              Magistrate Judge

Dated:  April 23, 2012.